NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| RED LINE MARINE LIQUIDATORS, INC., | : | |
| Plaintiff, | : | Civil No. 08-1863 (AET) |
| v. | : | **MEMORANDUM & ORDER** |
| JARRETT BAY BOAT WORKS INC., et al., | : | |
| Defendants. | : | |

THOMPSON, U.S.D.J.

This matter is before the Court upon Defendant ZF Marine, LLC's ("ZF Marine") Motion to Transfer to the United States District Court for the Eastern District of North Carolina, Eastern Division, Plaintiff Red Line Marine Liquidators, Inc.'s ("Red Line") Cross-Motion to Remand, and Defendant Jarrett Bay Boat Works, Inc.'s ("Jarrett Bay") Motion to Dismiss the Cross-Claim, or, in the alternative, to Transfer Venue. The Court has decided these Motions based upon the submissions of the parties and without oral argument pursuant to Fed. R. Civ. P. 78. For the reasons set forth below, Defendant ZF Marine's Motion is granted, Plaintiff's Cross-Motion is denied, and Defendant Jarrett Bay's Motion is denied as moot.

BACKGROUND

On February 29, 2008, Plaintiff Red Line, a New Jersey corporation with its principal place of business in New Jersey, filed a Complaint in Monmouth County Superior Court, alleging violations of the New Jersey Consumer Fraud Act, N.J. Stat. Ann. § 56:8-1 et seq.,

common law fraud, breach of contract, breach of good faith and fair dealing, negligence, unjust enrichment, and breach of warranty against Defendants ZF Marine, Jarrett Bay, and ABC Corporations 1-10.  Defendant Jarrett Bay is incorporated, and has its principal place of business, in North Carolina.  (Def. Jarrett Bay's Notice of Removal, ¶ 3.)  Defendant ZF Marine is a Delaware limited liability company, whose sole member, ZF Group North American Operations, Inc., is a Delaware corporation with its principal place of business in Michigan.  (Second Deegan Aff., ¶¶ 2-3.)  Plaintiff's action arises out allegedly improper repair work done to Plaintiff's yacht, which experienced equipment failures off the coast of North Carolina.  (Deegan Aff. , ¶ 4.)  Plaintiff brought the yacht to Defendant Jarrett Bay's North Carolina facility for repairs.  (Deegan Aff., ¶ 4; Ramsay Aff., ¶ 4.)[1]  Defendant ZF Marine's Beaufort, North Carolina Service Center was contacted to evaluate the equipment failures, and later retained to perform repair work.  (Deegan Aff., ¶¶ 3, 5) Defendant Jarrett Bay examined Plaintiff's vessel, and performed repair work.  (Ramsay Aff., ¶ 4.)  Plaintiff and Defendant Jarrett Bay retained third party contractors to perform repairs to Plaintiff's yacht.  (Deegan Aff., ¶ 8.)  All of Defendants' repair work on the yacht was performed in North Carolina.  (Deegan Aff., ¶ 8.)  Plaintiff's Complaint does not specify a damages amount, although Plaintiff seeks compensatory damages, punitive damages, treble damages, and attorney's fees in connection with some or all of the counts.

On April 16, 2008, Defendant Jarrett Bay filed a Notice of Removal, pursuant to 28 U.S.C. § 1441, in the District of New Jersey, and asserted federal jurisdiction on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

---

[1] The Court cites to the Affidavit of Randall C. Ramsay, which was submitted by Defendant Jarrett Bay as part of its Motion to Dismiss Plaintiff's Complaint for lack of personal jurisdiction.  [Docket entry no. 2.]

Defendant ZF Marine brings counterclaims for breach of contract and unjust enrichment against Plaintiff, and a cross-claim against Defendant Jarrett Bay for indemnification and contribution. (Def. ZF Marine's Answer, 6-8.) On July 30, 2008, the Court entered a Stipulation of Dismissal of Plaintiff's claims against Defendant Jarrett Bay, with prejudice.

Defendant ZF Marine moves to transfer venue to the United States District Court for the Eastern District of North Carolina, Eastern Division. Plaintiff cross-moves to remand this action to state court, on the basis that the amount-in-controversy requirement for diversity jurisdiction has not been met. Defendant Jarrett Bay moves to dismiss Defendant ZF Marine's cross-claim for lack of personal jurisdiction, or, in the alternative, to transfer venue to the Eastern District of North Carolina.

## DISCUSSION

The Court first considers Plaintiff's cross-motion to remand. Defendant ZF Marine argues that the Court has diversity jurisdiction, because the parties are diverse, and because the Complaint can be read to allege damages in excess of $75,000, the amount-in-controversy requirement of 28 U.S.C. § 1332(a). Plaintiff contends that Defendant ZF Marine has not sustained its burden of proving that the amount-in-controversy requirement has been met, and, therefore, the Court does not have subject matter jurisdiction over this action.

A.   Plaintiff's Cross-Motion to Remand

    1.   Standard of Review

A federal court must have subject matter jurisdiction in order to hear a case. Subject matter jurisdiction in federal court falls within two categories of disputes: (1) diversity cases pursuant to 28 U.S.C. § 1332, encompassing disputes between citizens of different states alleging

an amount-in-controversy in excess of $75,000; and (2) federal question cases pursuant to 28 U.S.C. § 1331, encompassing those disputes "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.[2]

Under 28 U.S.C. § 1441(a), a defendant in state court can attempt to remove to federal court any case over which the federal court would have had original jurisdiction. Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990). Upon removal, however, the district court may remand the case to state court if the court finds that it lacks subject matter jurisdiction. 28 U.S.C § 1447(c). Further, the removing party has the burden of showing the propriety of removal by establishing the existence of federal subject matter jurisdiction. See Dukes v. U.S. Healthcare, Inc., 57 F.3d 350, 359 (3d Cir. 1995).

The federal statutes governing removal are strictly construed in favor of remand. Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987).

2.   Determination of the Amount-in-Controversy

Where the relevant jurisdictional facts are not in dispute, or where fact-finding has occurred, the Court should employ the "legal certainty" test, which mandates dismissal of an action when, "it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed, or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount." Samuel-Bassett v. Kia Motors Am., Inc., 357 F.3d 392, 397-98 (3d Cir. 2004). However, where disputes over the relevant facts exist, the removing party must

---

[2] Defendant Jarrett Bay removed this case to federal court pursuant to 28 U.S.C. § 1332, asserting "diversity jurisdiction." The parties do not appear to dispute that diversity of citizenship exists between the parties, and that the case presents no federal question pursuant to 28 U.S.C. § 1331.

prove its allegations of jurisdiction by a preponderance of evidence.  Id.; see also Frederico v. Home Depot, 507 F.3d 188, 194 (3d Cir. 2007)  Further, a court should not engage in jurisdictional fact-finding if it would constitute a decision on the merits.  Samuel-Bassett, 357 F.3d at 398 n.4.  Accordingly, Defendant ZF Marine, as the proponent of federal jurisdiction, is required to prove that the amount-in-controversy is met by a preponderance of evidence.

In determining whether the jurisdiction amount has been satisfied, the court must first look to the complaint.  Angus v. Shiley Inc., 989 F.2d 142, 145 (3d Cir. 1993).  Plaintiff's Complaint does not mention a specific damages figure.  However, Defendant ZF Marine has submitted with its Motion copies of invoices and other business correspondence exchanged among the parties that list expenses incurred in the course of repairing Plaintiff's yacht.  With respect to compensatory damages, Defendant ZF Marine contends that it invoiced Plaintiff approximately $15,700 for work that it performed on Plaintiff's yacht, of which approximately $804 remains unpaid at this time.  (Second Deegan Aff., ¶ 4.)  Plaintiff provided Defendant ZF Marine a copy of an invoice for approximately $14,500 that Plaintiff alleges was an expenditure incurred in attempting to correct Defendants' repair work.  (Second Deegan Aff., ¶ 9.)  Plaintiff also provided Defendant ZF Marine with check copies in the amounts of $8,625, which Plaintiff alleges to be for lost crew time.  (Second Deegan Aff., ¶ 11.)  Further, Defendant ZF Marine has asserted a counterclaim for unjust enrichment, contending that Defendant ZF Marine wrote off labor charges, did not charge Plaintiff overtime, and provided discounts to Plaintiff in the approximate amount of $5,400.  (Second Deegan Aff., ¶ 6.)  Thus, Defendant ZF Marine

calculates that at least $44,225 is in controversy with respect to compensatory damages.[3]  See Spectacor Mgmt. Group v. Brown, 131 F.3d 120, 121 (3d Cir. 1997) (holding that compulsory counterclaims may be considered in determining whether the amount in controversy requirement for diversity jurisdiction has been met).

Plaintiff also claims punitive damages in connection with the first two counts of its Complaint, which are for statutory and common law fraud.  Punitive damages, where recoverable, may be considered by a court in determining whether the amount in controversy requirement has been satisfied.  Packard v. Provident Nat'l Bank, 994 F.2d 1039, 1046 (3d Cir. 1993).  The New Jersey Consumer Fraud Act mandates the award of treble damages and attorney's fees should a violation be found.  N.J. Stat. Ann. § 56:8-19.  Thus, assuming that Plaintiff prevails on its claims, on the basis of the damages figures proffered by Defendant ZF Marine, the Court finds that an award of treble damages, plus attorney's fees, would more likely than not exceed the jurisdictional amount in controversy requirement.[4]

Therefore, because diversity jurisdiction exists, the Court will deny Plaintiff's Cross-Motion to Remand.

B.      Defendant ZF Marine's Motion to Transfer Venue

---

[3]      Defendant ZF Marine maintains that the amount invoiced by Defendant Jarrett Bay for the work it and third party contractors performed on Plaintiff's yacht, approximately $6,500, should be included in the calculation of the amount in controversy.  (Def. ZF Marine's Br. 6; Second Deegan Aff., ¶ 7.)  However, because Plaintiff has dismissed its claims against Defendant Jarrett Bay, the Court does not consider this figure in its calculation.

[4]      The parties' briefing has raised the possibility that North Carolina, rather than New Jersey law, may apply.  The Court need not decide this issue.  However, the Court notes that North Carolina's consumer protection act provides for a mandatory award of treble damages.  N.C. Gen. Stat. § 75:16.

1.      Standard of Review

A district court may transfer any civil action to any other district where the action could have been brought, for "the convenience of parties and witnesses." 28 U.S.C. § 1404(a). An action may be brought in another district if (1) venue is proper in the transferee district; and (2) the transferee district can exercise personal jurisdiction over the defendants. Shutte v. Armco Steel Corp., 431 F.2d 22, 24 (3d Cir. 1970). The court considers a number of private and public interest factors in determining whether to transfer venue. Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995). Those private interest factors include: (1) the plaintiff's preferred forum; (2) the defendant's preferred forum; (3) where the claim arose; (4) the convenience of witnesses to the extent that they would be unavailable for trial in one of the fora; and (5) the availability of documents and other evidence. Id. Public interest factors to consider are: (1) the enforceability of the judgment; (2) practical considerations that make trial "easy, expeditious, or inexpensive;" (3) relative court congestion; (4) "the local interest in deciding local controversies at home;" (5) the familiarity of the district judge with state law in diversity cases. Id. at 879-80 (citations omitted).

2.      Analysis

Defendant ZF Marine argues that this action could have been filed in the Eastern District of North Carolina because diversity jurisdiction exists, and both Defendants are located in North Carolina, and, therefore, subject to service of process in the state. Plaintiff, in its Cross-Motion to Remand, refutes the assertion that federal jurisdiction is proper, but argues in the alternative that the case should remain in the District of New Jersey because Defendants have sufficient contacts with New Jersey, and, thus, are subject to personal jurisdiction in this Court.

28 U.S.C. § 1391(a) provides that, in diversity cases, venue is proper in:

(1) a judicial district where any defendant resides, if all defendants reside in the same State,
(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . ., or
(3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

Because the repairs of Plaintiff's yacht, which give rise to Plaintiff's causes of action, were performed by Defendants in North Carolina, the Court finds that the Eastern District of North Carolina is a venue in which this action could have been filed. The Court next considers the various private and public interest factors to determine whether a venue transfer is appropriate.

      a.    Private Interest Factors

A plaintiff's choice of forum is to be accorded great deference, but it is not the only factor to be considered, nor is it dispositive. Tischio v. Bontex, Inc., 16 F. Supp. 2d 511, 521 (D.N.J. 1998); Ricoh Co. v. Honeywell, Inc., 817 F. Supp. 473, 480 (D.N.J. 1993). A plaintiff's choice is accorded less deference where "the central facts of a lawsuit occur outside the forum state." Ricoh, 817 F. Supp. at 481. Here, although Plaintiff prefers that this action be litigated in the District of New Jersey, the central facts of the action occurred in North Carolina. Plaintiff's vessel suffered equipment failure off the coast of North Carolina, the yacht was taken to Defendant Jarrett Bay's servicing center in North Carolina, and the repair work was performed by Defendants and third party contractors in North Carolina. Thus, Plaintiff's choice of New Jersey as forum is accorded less deference.

Defendants' forum preference is the Eastern District of North Carolina, as evidenced by

the instant Motion by Defendant ZF Marine, and Defendant Jarrett Bay's Motion to Transfer Venue to the Eastern District of North Carolina for litigation of Defendant ZF Marine's cross-claim against it.

Defendant ZF Marine argues that the entirety of the work performed by Defendants, and third party contractors, was performed in North Carolina, and that the repair personnel who are knowledgeable about the work done are located in North Carolina. (Deegan Aff., ¶¶ 5-9.) Plaintiff, in his Cross-Motion to Remand, asserts, without substantiation, that "[t]he main witnesses in the matter would be the Plaintiff's representatives and the experts retained by the parties . . . Any local fact witness that may be located in North Carolina are minimal. . . ." (Pl.'s Br. 13, 14.) Plaintiff also states that Defendants may retain experts located in New Jersey. (Id., 13.) The Court concludes that development of the facts in this case may be better served by litigating this action in North Carolina. Moreover, transfer of this action to North Carolina will be more convenient for Defendants' witnesses, and would require only Plaintiff and its witnesses to travel. See Ricoh, 817 F. Supp. at 485 ("From an economic standpoint it certainly makes sense to conduct a trial . . . where only one party and witnesses have to travel. . . .") (citation omitted).

Similarly, it appears that relevant documents pertaining to the repair work performed by Defendants and third party contractors are located in North Carolina. However, it appears that Plaintiff may be in possession of relevant invoices related to correction work performed by other contractors subsequently engaged by Plaintiff.

On balance, the Court finds that consideration of the private interest factors weigh in favor of transferring this action to the Eastern District of North Carolina.

b.     Public Interest Factors

Defendant ZF Marine argues that a judgment entered in the District of New Jersey in this action would pose difficulties with respect to enforcement of the judgment.  Specifically, Defendant ZF Marine contends that, if Defendant Jarrett Bay prevails on its Motion to Dismiss Defendant ZF Marine's cross-claim, Defendant ZF Marine will have to file a separate action for indemnification against Defendant Jarrett Bay in North Carolina, which could result in duplicative litigation and inconsistent verdicts.  Moreover, Defendant ZF Marine argues that if Defendant Jarrett Bay were to remain in this action, and appear in the District of New Jersey, enforcing a potential judgment on the cross-claim could require the filing of an action in North Carolina, where Defendant Jarrett Bay's assets are located.  (Ramsay Aff., ¶ 3.)  Plaintiff argues, in conclusory fashion, that Defendants will not be prejudiced by entry of a money damages judgment in the District of New Jersey.  The Court finds that consideration of the enforceability of judgment weighs in favor of a transfer of venue.

As the Court has already noted, most of the events giving rise to Plaintiff's claims occurred in North Carolina, rather than New Jersey.  Thus, the Court concludes that North Carolina has a stronger interest than New Jersey in adjudicating this breach of contract and fraud case, involving two corporate Defendants who conduct regular business in North Carolina.  See Tischio, 16 F. Supp. 2d at 526 (noting that forum with more significant contacts to dispute has stronger public interest in hearing action).  Similarly, the "burden of jury duty ought not to be imposed upon the people of a community which have no relation to the litigation."  Id. (internal quotations and citation omitted).  Consideration of New Jersey's and North Carolina's relative interests to this litigation weighs in favor of transferring venue to North Carolina.

Another factor to be considered is the familiarity of the trial judge with the applicable state law.  Federal courts sitting in diversity apply the choice of law rules of the forum state. LeJeune v. Bliss-Salem, Inc., 85 F.3d 1069, 1071 (3d Cir. 1996).  Under New Jersey choice of law rules, a court determines the law to be applied by determining "which state has the greatest interest in governing the specific issue that arises in the underlying litigation."  Erny v. Estate of Merola, 792 A.2d 1208, 1212-13 (N.J. 2002).  Although the choice of law issue has not been briefed adequately by the parties, it appears that North Carolina has the greater interest in applying its laws to this dispute involving alleged equipment failure on a boat off its shores, and repair work done by two corporations that conduct business in the state.  However, even if New Jersey law were to apply, the other private and public interest factors weigh in favor of transferring this action to the Eastern District of North Carolina.

Accordingly, Defendant ZF Marine's Motion to Transfer Venue is granted.

C.     Defendant Jarrett Bay's Motion to Dismiss the Cross-Claim

Having determined that transfer of this action to the United States District Court for the Eastern District of North Carolina is appropriate, the Court denies Defendant Jarrett Bay's Motion to Dismiss Defendant ZF Marine's Cross-Claim as moot.

CONCLUSION

For the foregoing reasons, and for good cause shown,

IT IS on this 12th day of September, 2008,

ORDERED that Defendant ZF Marine, LLC's Motion to Transfer to the United States District Court for the Eastern District of North Carolina, Eastern Division [7] is GRANTED; and it is further

ORDERED that Plaintiff Red Line Marine Liquidators, Inc.'s Cross-Motion to Remand [9] is DENIED; and it is further

ORDERED that Defendant Jarrett Bay Boat Works, Inc.'s Motion to Dismiss the Cross-Claim, or, in the alternative, to Transfer Venue [14] is DENIED as moot; and it is further

ORDERED that this case is CLOSED.

s/ Anne E. Thompson

ANNE E. THOMPSON, U.S.D.J.